IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODUM USA, INC., | |
| Plaintiff, | |
| v. | No. |
| WILLIAMS-SONOMA, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff Bodum USA, Inc. ("Bodum"), by its attorneys, Vedder Price P.C., for its Complaint against Defendant Williams-Sonoma, Inc. ("Williams-Sonoma"), alleges as follows:

**NATURE OF THE ACTION**

1.     This Complaint seeks injunctive relief and damages for Williams-Sonoma's deliberate trademark infringement pursuant to 15 U.S.C. § 1114 (Count I), federal unfair competition pursuant to 15 U.S.C. § 1125(a) (Count II), unfair competition under Illinois common law (Count III), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. (Count IV).

**THE PARTIES**

2.     Bodum is a Delaware corporation having its principal place of business in New York, New York.  Bodum is in the business of, among other things, importing, distributing, promoting and selling specialty housewares, including non-electric coffee makers and related items under the federally registered trademark BODUM®, throughout the United States, including this Judicial District.

3.      Williams-Sonoma is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.  Williams-Sonoma claims to be a retailer using a "best in class approach to multi-channel retailing" of housewares products.  Williams-Sonoma operates more than 240 retail stores in the United States.  Also, Williams-Sonoma makes extensive use of its website to sell specialty housewares products and claims:  "Williams-Sonoma, Inc. is one of the United States' largest e-commerce retailers with some of the best known and most beloved brands in home furnishings. . . . our products are also available to customers through our catalogs and online worldwide" (Williams-Sonoma website, Business Profile).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Counts I and II of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because those claims involve questions of federal law.  This Court also has jurisdiction over Counts III and IV under 28 U.S.C. §§ 1338(b) and 1367 because those claims are substantially related to the claims in Counts I and II under the United States trademark laws.

5.      This Court has personal jurisdiction over Williams-Sonoma under the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(1), (2), (3), (10) and (b)(4), because Williams-Sonoma regularly transacts business within Illinois; has committed tortious acts within Illinois causing injury to Bodum within the state; owns, uses or possesses real estate in Illinois; and has acquired ownership, possession or control of assets present in Illinois when ownership, possession or control was acquired.  Further, this Court's exercise of personal jurisdiction over Williams-Sonoma complies with the due process requirements of the United States Constitution and the Illinois Constitution.

6.     Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

### The BODUM® Trademark

7.     Since at least 1990, Bodum has been engaged in the distribution and sale of high-quality housewares products in the United States under the BODUM® trademark.   For this period of time, Bodum has sold such products throughout the United States, including in this Judicial District.

8.     Bodum, long prior to the acts of Williams-Sonoma described in this Complaint, has extensively advertised and promoted high-quality housewares products under the BODUM® brand.

9.     As detailed below, Bodum owns and has common law rights in and to the trademark BODUM®.   Bodum has continuously used the trademark BODUM® since at least 1990 as a source identifier.

### The BODUM® Mark

10.     For an extensive period of time, Bodum has been the exclusive licensee in the United States for multiple distinctive BODUM® trademarks for a broad scope of houseware products in International Class 21 (the "BODUM® Mark") registered with the United States Patent and Trademark Office (the "USPTO").   True and correct copies of the Federal registration certificates for the BODUM® Mark are attached hereto as **Exhibit 1**.

11.     Based on Bodum's continuous use of the BODUM® Mark in commerce for well over five years, as well as the timely filing of an Affidavit of Incontestability and an Affidavit of

Use with the Director of the USPTO, the federally registered BODUM® Mark is now incontestable under 15 U.S.C. § 1065.

12.     Bodum has used, and continues to use, the BODUM® Mark identified in Paragraphs 10 and 11 above in connection with its BODUM® brand of high-quality housewares products.

13.     Bodum has spent, and continues to spend, substantial sums of money, time and effort to develop, produce, advertise and promote its housewares products under the BODUM® Mark.

14.     As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion and sale, and public acceptance of Bodum's housewares products, the BODUM® Mark has acquired a fine and valuable reputation and significant goodwill in the marketplace.  The public recognizes the BODUM® Mark and identifies it with Bodum's products exclusively.

15.     The BODUM® Mark has acquired outstanding celebrity and symbolizes the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality by fair and honorable dealing with the industry and public in the distribution and sale thereof.

16.     Bodum has spent, and continues to spend, substantial sums of money, time and effort to develop, advertise and promote the BODUM® Mark and related products through, in part, distribution of catalogs, use of the Bodum.com website, advertising campaigns, national and international trade shows, fixture programs with retailers and demonstrations and training. Such efforts have created and reinforced the association of the BODUM® Mark with Bodum's products in the minds of the trade and the consuming public.

17. Through Bodum's extensive promotion, advertising, marketing and sales of its housewares products under the BODUM® Mark, the BODUM® Mark, has become well known to the general public and in the housewares industry as a source identifier for Bodum.

18. Bodum has also developed substantial goodwill, consumer recognition and value in the distinctive, federally registered BODUM® Mark, and has acquired a reputation for quality products and nationwide public acceptance.

**Williams-Sonoma Infringed the BODUM ® Mark and Engaged in Unfair Competition**

19. For many years, Bodum supplied Williams-Sonoma with high-quality housewares products which Williams-Sonoma sold across the United States in its stores and on its website.

20. Among the products supplied by Bodum to Williams-Sonoma were Bodum's French press coffee makers, double-wall glasses and other specialty housewares products which bore the BODUM® Mark. Williams-Sonoma was very successful in selling Bodum's products under this Mark.

21. In or around 2013, Williams-Sonoma stopped ordering products from Bodum, except for small quantities to be sold in Williams-Sonoma outlet stores. Sometime after William-Sonoma stopped ordering products from Bodum, Williams-Sonoma also stopped selling Bodum products on its website.

22. Williams-Sonoma was never authorized to use the BODUM® Mark to sell or promote non-Bodum products. After Williams-Sonoma stopped selling Bodum products on its website, Williams-Sonoma was not authorized to use the BODUM® Mark online at all.

23. Bodum discovered in December 2015, that Williams-Sonoma was using the BODUM® Mark to sell French press coffee makers and other housewares products supplied by Bodum's competitors.

24.     Williams-Sonoma promoted a false connection between the BODUM® Mark and suppliers of housewares products which were competitors of Bodum on its website: www.williams-sonoma.com in violation of Bodum's intellectual property rights.

25.     Specifically, when Bodum was entered as a search term on the Williams-Sonoma website by consumers, they encountered extremely misleading search results attached hereto as **Exhibit 2.**  These search results are very misleading because the results contain numerous housewares products that are very similar to BODUM® products, but they are not actually BODUM® products.  Instead, the search results contain products that were supplied by Bodum's competitors.  This will inevitably result in consumer confusion because consumers purchasing products from the website will mistakenly assume that they are purchasing a BODUM® product.  These actions by Williams-Sonoma are particularly egregious given that no BODUM® products are currently sold, nor have they been sold for a period perhaps as long as two years, on the Williams-Sonoma website.

26.     As a result of Bodum's license in and to the BODUM® Mark, Bodum has the exclusive right to use the BODUM® name in connection with non-electric coffee makers, and numerous other housewares products.

27.     Williams-Sonoma's use of the BODUM® name in connection with its promotion and sale of similar, competitive products supplied by Bodum's competitors inarguably creates an impression in the mind of consumers that there is an affiliation between:

- The non-Bodum competitive products being displayed on the Williams-Sonoma website and Bodum's products marketed under the BODUM® Mark;

- The non-Bodum competitive companies whose products were being displayed on the Williams-Sonoma website and Bodum; and/or

- Williams-Sonoma and Bodum.

28.     Williams-Sonoma's use of the BODUM® Mark in connection with its promotion of competitive products has and will undoubtedly result in confusion among members of the public that the products being displayed are actually genuine BODUM® products.  The potential for confusion currently is enhanced by the increased shopping traffic on websites.

29.     The competitive products promoted and sold on Williams-Sonoma website throughout the country are advertised, promoted and marketed in the same channels of commerce as genuine Bodum products bearing the BODUM® Mark in the United States, including this District.

30.     In light of Williams-Sonoma's extended familiarity with the BODUM® Mark and extensive sales of French Press coffee makers and other housewares products bearing such Marks, Williams-Sonoma was aware of Bodum's BODUM® Mark and Bodum's hard-earned goodwill at all pertinent times prior to Williams-Sonoma's first promotion and use of the BODUM® Mark in connection with the sale and promotion of housewares products supplied by Bodum's competitors.

31.     Williams-Sonoma has deliberately used the BODUM® Mark without Bodum's consent in connection with Williams-Sonoma's sale and promotion of competing French press coffee makers and other housewares products seeking to trade upon the hard-earned goodwill of Bodum, and Williams-Sonoma has deliberately attempted to ride Bodum's coattails to capitalize on the BODUM® Mark.

32.     Confusion will be likely to result from Williams-Sonoma's conduct unless enjoined by this Court.

33.     Bodum has been, and will continue to be, seriously and irreparably injured unless Williams-Sonoma's conduct is enjoined by this Court.

**COUNT I**
**TRADEMARK INFRINGEMENT PURSUANT TO**
**§ 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

34.     Bodum restates and realleges Paragraphs 1 through 33 above as though fully set forth herein.

35.     As the registrant or exclusive licensee of the BODUM® Mark, which are validly registered with the USPTO as set forth above, Bodum is entitled to the protections afforded to trademark owners under the Lanham Act.

36.     Through Bodum's extensive marketing and promotional efforts over a number of years as detailed above, Bodum's BODUM® Mark and BODUM® housewares products associated therewith have become well recognized to the general public and within the housewares industry.

37.     The BODUM® Mark distinguish Bodum's housewares products, and the goodwill associated therewith from Bodum's competitors.

38.     By promoting similar French Press coffee makers and other houseware's products supplied by Bodum's competitors using Bodum's BODUM® Mark, Williams-Sonoma is infringing Bodum's well-established trademark rights under United States trademark laws in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

39.     Williams-Sonoma's use of the BODUM® Mark is without license or permission from Bodum.

40.     By the use of the BODUM® Mark, Williams-Sonoma has caused, and will continue to cause, confusion in the marketplace and has misled, and will continue to mislead, the public into believing that the houseware's products that were sold and promoted by Williams-Sonoma are associated with or connected to the BODUM® Mark and Bodum's products associated therewith, thereby depriving Bodum of the goodwill it has earned in the marketplace.

- 8 -

41.     Williams-Sonoma's use and continued use of the BODUM® Mark in connection with products directly competing with Bodum's products is wrongful, intentional and in deliberate and knowing disregard of Bodum's exclusive ownership rights, of which Williams-Sonoma has actual and constructive knowledge.

42.     The trademark infringement complained of herein has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Bodum, for which Bodum has no adequate remedy at law.  Bodum is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Williams-Sonoma.

43.     Williams-Sonoma has profited and is profiting from such infringement and Bodum has been and is being damaged by such infringement.  Bodum is therefore entitled to recover damages from Williams-Sonoma in an amount to be proven at trial as a consequence of Williams-Sonoma's infringing activities.

44.     Williams-Sonoma's infringing conduct has been willful, wanton and malicious and done with an intent to deceive.  Bodum is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble damages, pursuant to 15. U.S.C. § 1117(a).  Bodum is also entitled to, among other things, the cost of corrective advertising.

## COUNT II
## FEDERAL UNFAIR COMPETITION PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(A))

45.     Bodum restates and realleges Paragraphs 1 through 33 above as though fully set forth herein.

46.     The BODUM® Mark, as used by Bodum to identify its non-electric, French Press coffee makers and other houseware products, is inherently distinctive and/or have acquired secondary meaning in the marketplace.

47.     Williams-Sonoma's use of the BODUM® Mark in connection with products highly similar to, and directly competitive with, products sold by Bodum under the BODUM® Mark constitutes a false designation of origin, a false and misleading description of fact, and/or a false and misleading representation of fact which is likely to cause confusion and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection or association between Williams-Sonoma's sales of competitors' products and coffee makers offered by Bodum under its BODUM® Mark.  Such use by Williams-Sonoma also is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Williams-Sonoma's sale of these products by Bodum, in violation of 15 U.S.C. § 1125.

48.     Williams-Sonoma deliberately and knowingly adopted and used the BODUM® Mark in bad faith, with the intent to trade upon the goodwill established by Bodum, to create confusion in the public mind, and to misappropriate Bodum's rights in the goodwill it has established in the BODUM® Mark, all to the irreparable injury of Bodum.

49.     By reason of Williams-Sonoma's unlawful activities, Bodum has been and is likely to be damaged in an amount to be proven at trial, and, unless Williams-Sonoma's activities are restrained, Bodum will continue to suffer serious and irreparable injury, for which Bodum has no adequate remedy at law.  Bodum is therefore entitled to a preliminary and permanent injunction against Williams-Sonoma's further unfair competition in violation of the Lanham Act.

### COUNT III
### UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

50.     Bodum restates and realleges Paragraphs 1 through 33 above as though fully set forth herein.

51.     By promoting similar non-electric, French Press coffee makers and other housewares products supplied by Bodum's competitors using Bodum's BODUM® Mark and promoting images of housewares supplied by Bodum's competitors as having been produced by

Bodum, Williams-Sonoma is using and plans to use marks that are associated or affiliated with or sponsored by Bodum, thus creating a likelihood of confusion between the products sold by Williams-Sonoma and the products of Bodum. Williams-Sonoma is thereby engaging in unfair competition with Bodum.

52.    The acts of Williams-Sonoma complained of herein constitute inequitable pirating of the fruits of Bodum's labor and are acts of unfair competition in violation of Illinois common law.

53.    Williams-Sonoma's actions are deliberate, willful and in complete disregard for Bodum's rights, of which Williams-Sonoma has actual and constructive knowledge.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/1 *ET SEQ.*)**

54.    Bodum restates and realleges Paragraphs 1 through 33 above as though fully set forth herein.

55.    By promoting similar non-electric, French Press coffee makers and other housewares products by Bodum's competitors using Bodum's BODUM® Mark and promoting images of housewares products produced by Bodum's competitors, as having been produced by Bodum, has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

56.    Williams-Sonoma's wrongful actions are likely to cause and, if not enjoined, will cause, deception, confusion in the marketplace, and irreparable harm to Bodum and Bodum's goodwill and exclusive trademark ownership rights, for which Bodum has no adequate remedy at law.

57.    Williams-Sonoma's actions are deliberate, willful and in complete disregard for Bodum's rights, of which Williams-Sonoma has actual and constructive knowledge.

- 11 -

WHEREFORE, Plaintiff Bodum USA, Inc. requests that this Court enter judgment that Defendant Williams-Sonoma, Inc.:

A.      infringed Bodum USA, Inc.'s rights in the BODUM® Mark and competed unfairly with Bodum USA, Inc. by using the BODUM® Mark to promote and sell similar housewares products produced by one of Bodum's competitors;

B.      infringed Bodum USA, Inc.'s rights in the BODUM® Mark and competed unfairly with Bodum USA, Inc. by using the BODUM® Mark to promote housewares products produced by one of Bodum's competitors;

C.      unfairly competed with Bodum USA, Inc. and has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*;

D.      be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

1.      Using the BODUM® Mark in connection with the advertising, marketing, promotion and/or sale of any products that are not manufactured and sold by Bodum;

2.      Unfairly competing with Bodum USA, Inc.;

3.      Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum; and

E.      account and pay to Bodum USA, Inc. all profits received from the sale of any products that are not manufactured and sold by Bodum which were sold using the BODUM® Mark;

F.      pay to Bodum USA, Inc. its actual damages on account of Williams-Sonoma's infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the BODUM® Mark to Williams-Sonoma and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

G.      award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS § 510/1 *et seq.*; and

H.      award for such other and further relief in favor of Bodum USA, Inc. as this Court deems proper and just.

## <u>DEMAND FOR JURY TRIAL</u>

Bodum USA, Inc. demands trial by jury.


Dated:  January 22, 2016                    Respectfully submitted,

                                            BODUM USA, INC.


                                            By: /s/ David E. Bennett
                                                One of Its Attorneys
Of Counsel:

David E. Bennett
Nicole J. Highland
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500